**BROWN & CONNERY, LLP**
Michelle H. Badolato, Esquire (MHB/9022)
360 Haddon Avenue
Westmont, NJ  08108
(856) 854-8900
(856) 858-2843 (fax)
mbadolato@brownconnery.com
Attorneys for TD Bank, N.A.

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In Re:<br><br>CAROLE A. OTT,<br>　　　　Debtor. | PROCEEDINGS IN CHAPTER 7<br><br>Case No. 09-28011 (RTL)<br><br>**BRIEF IN SUPPORT OF**<br>**CROSS-MOTION TO ABSTAIN**<br>**Hearing Date:  9/21/09 @10:00 a.m.** |

## STATEMENT OF FACTS

TD Bank, N.A., *successor by merger to* Commerce Bank, N.A., ("TD Bank") is a creditor of Debtor, Carol A. Ott  ("Ott") by virtue of a dispute currently pending in the Superior Court of New Jersey as set forth below.

Corinne Geiger ("Geiger") is the Executrix of the Estates of Rose Scala and Eleanor Scala ("Decedents").  Geiger is the niece of the Decedents and is the sole beneficiary of the Decedents' Estates ("Estates") pursuant to the Last Wills and Testament admitted to probate[1] in Ocean County, New Jersey.  Geiger also filed a Complaint in the Superior Court of New Jersey, Law Division, Ocean County, Docket No.: L-1565-09 ("Law Division Action") on April 24, 2009 against TD Bank, N.A. and Independence Community Bank n/k/a Sovereign Bank ("Sovereign Bank").  The

---

[1] A recitation of the Probate matter and additional facts is set forth in the Estates' Motion to Abstain.

Complaint alleges conversion, negligence, violation of the Uniform Fiduciaries Law, and violation of the Uniform Commercial Code. The basis of the allegations against TD Bank, N.A. stem from an account maintained by Ott at Commerce Bank, N.A. where she purportedly deposited and negotiated various financial instruments in the name, and to the detriment, of the Decedents and the Estates and beneficiaries of said Decedents.

On June 30, 2009 TD Bank, N.A. filed an Answer, Separate Defenses and Third-Party Complaint against Ott for indemnification and contribution. As to Ott, TD Bank, N.A. asserts that any allegations against it in the aforementioned Complaint were merely passive, constructive, technical, imputed or vicarious, and Geiger's damages, if any, arose through the direct and primary negligence, intentional acts, unlawful activity and/or breach of contract or law of Ott. Ott was served with the Third-Party Complaint.

However, on July 13, 2009 Ott filed the instant Bankruptcy proceeding. TD Bank, N.A. filed a Notice of Appearance in the bankruptcy case on July 27, 2009. Pursuant to Federal Bankruptcy Code 11 U.S.C. §362, all claims against Ott in the Law Division Action have been stayed. A Motion to Expand the Stay has been filed in the Law Division Action. The Estates have filed a Motion to Abstain as to the Probate Action. TD Bank, N.A. herein moves for the Bankruptcy Court to abstain from the Law Division Action as well, and requests stay relief so that action may proceed.

**LEGAL ARGUMENT**

Pursuant to 28 U.S.C. 1334(c)(1) & (2) a Bankruptcy Court may abstain from hearing a particular proceeding in the interests of comity or judicial economy. The Court must abstain if it is shown that the matter is based on a state law claim or cause of action that can be timely adjudicated in a state forum of appropriate jurisdiction. Pursuant to Bankr. R. 5011, a party may move before the Bankruptcy Court for relief from stay and/or for abstention. Pursuant to 28 U.S.C. § 1334(c) the initial hearing on the motion shall be before the bankruptcy judge. Bankr. R. 5011(b). Therefore, TD Bank, N.A. respectfully requests that the Court lift the stay so that the Law Division Action may proceed at the state court level.

**I.    MANDATORY ABSTENTION.**

If a timely motion is made pursuant to 28 U.S.C. 1334(c)(2), a court "must abstain" if the following five requirements are met: (1) a proceeding is based on state law claims or state law case of action; (2) the claim or cause of action is "related to" a case under title 11, but does not "arise under" title 11 and does not "arise in" a case under title 11; (3) federal courts would not have jurisdiction over the claim but for its relation to the bankruptcy case; (4) an action "is commenced" in a state forum of appropriate jurisdiction; and (5) the action can be "timely adjudicated" in a state forum of appropriate jurisdiction. Stoe v. Flaherty, 436 F.3d 209, 213 (3rd Cir. 2006). See In re: Missouri Properties, Ltd., 38 C.B.C. 2d 977, 211 B.R. 914 (Bankr. W.D Mo. 1996).

The claims made by Geiger, TD Bank, N.A. and Sovereign Bank against Ott are entirely based upon state law and include fraud, conversion, embezzlement, undue influence, invalidation of asset transfers and breach of fiduciary duties.

Secondly, although this case is related to the instant bankruptcy proceeding, it does not constitute a core proceeding. The Law Division Action does not constitute a "core proceedings" within the meaning of 28 U.S.C. § 157(b)(2). The causes of action against Carole Ott are related, but do not invoke a substantive right provided by the Bankruptcy Code, nor are proceedings that by their nature could only arise in the context of a bankruptcy case.

With respect to the third requirement warranting mandatory abstention, no Federal Court would have jurisdiction over the state's claim but for the filing of this bankruptcy case. All of the parties in this State Court matter, including the Ott and Geiger, are residents of New Jersey. The TD Bank, N.A. witnesses are employed in New Jersey. The Bankruptcy Court has no jurisdiction over the other parties of the Law Division Action. All of the actions arise and accrue within New Jersey's borders. Northern Pipeline Constr. Co. v. Marathon Pine Line Co.; 458 U.S. 50 (1982). Halper v. Halper, 164 F.3d 830 (3rd Cir. 1999).

Fourth, as set forth above, the Law Division Action as filed in the Superior Court of New Jersey.

With respect to the fifth factor, the claims can be timely adjudicated in a state forum of appropriate jurisdiction. Clearly, the state court is the appropriate forum to conclude the pending litigation. Consequently, there are facts to support the application of 28 U.S.C. 1334 (c)(2).

Additionally, as a Motion to Expand the Stay has been filed in the Law Division Action, this matter should proceed fully there, rather than in the Bankruptcy Court. Ott is a key witness and participant needed to fully adjudicate the Law Division Action.

## II. PERMISSIVE ABSTENTION.

Under 28 U.S.C. 1334 (c)(1), this court may "…in the interest of justice, or in the interest of comity with State courts or respect for State law…," abstain "…from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11." Although abstention is discretionary under 28 U.S.C. § 1334 (c)(1), the facts of the matter warrant the exercise of such discretion. The claims brought against Ott in the Law Division Action are so intertwined, that it would be unjust to require them to proceed before this Bankruptcy Court.

The Court may abstain based on the following factors:

> effect upon the administration of the estate; extent to which state law predominates; difficulty of applicable state law; existence of a jurisdictional basis other than the court's bankruptcy jurisdiction; feasibility of permitting judgment to be entered in state court; burden on the bankruptcy court's docket; evidence of forum shopping; right to jury trial combined with refusal to consent to jury trial before the bankruptcy judge; financial condition of the parties; and whether there are non-debtor parties involved. *See, e.g., In re* Chicago, Milwaukee, St. Paul & Pac. R.R., 6 F.3d 1184 (7th Cir. 1993). *Accord* Mann v. Waste Mgmt. of Ohio, 253 B.R.211 (N.D. Ohio 2000); *In re* Williams, 256 B.R. 885 (B.AP. 8th Cir. 2001); *In re* Cox, 247 B.R. 556 (Bankr. D. Mass. 2000).

As set forth above, the claims in the Law Division Action are based upon state law. The claims are related to the bankruptcy, but are not a core matter. There are no federal claims. The Bankruptcy Court has no jurisdiction over the parties to the Law Division Action other than Ott. Ott s a key witness and participant needed to adjudicate the Law Division Action. Consequently, the facts support the application of 28 U.S.C. § 1334 (c)(1) in the alternative.

## **CONCLUSION**

TD Bank, N.A. respectfully request this Court abstain from hearing the Law Division Action; grant stay relief under 11 U.S.C. § 362 to the extent necessary; and retain jurisdiction for purposes of the Debtor's right to a discharge or dischargeability of individual debts.

                                       **BROWN & CONNERY, LLP**
                                       Attorneys for TD Bank, N.A.

                                  By: */s/Michelle H. Badolato*
                                       Michelle H. Badolato, Esquire

Dated: September 14, 2009